# IN THE COURT OF APPEALS OF IOWA

No. 24-0593
Filed February 5, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**VINCENT EDWARD EWURS,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Warren County, Michael K. Jacobsen, Judge.

A defendant appeals his criminal sentences, claiming the district court abused its discretion. **AFFIRMED.**

Sonia Elossais of Carr Law Firm, P.L.C., Des Moines, for appellant.

Brenna Bird, Attorney General, and David Banta, Assistant Attorney General, for appellee.

Considered by Schumacher, P.J., and Badding and Chicchelly, JJ.

**BADDING, Judge.**

Vincent Ewurs videotaped two teenage girls in the shower, gave them pills that would make them "trip," and asked one of the girls to encourage the other to have sex with him. Pursuant to a plea agreement with the State, Ewurs entered an *Alford* guilty plea[1] to lascivious acts with a child, two counts of invasion of privacy involving nudity, and child endangerment. In exchange, the State agreed to dismiss five other counts that had been filed against Ewurs. While both parties were free to argue for any legal sentence, the State agreed that it would not seek more than nine years in prison.

At the sentencing hearing, the State argued that "incarceration is the only appropriate sentence" given "the type of offense, the variety of offense, and the multitude of victims." The presentence investigation report also recommended incarceration, although it noted that Ewurs qualified for a community-based sex offender treatment program. Defense counsel urged the court to impose suspended sentences and place Ewurs on probation. Counsel argued the offenses "happened within a relatively short period of time," and Ewurs was taking responsibility for his actions. Counsel also argued that Ewurs had a limited criminal history, complied with all pretrial release requirements, and participated in individual therapy. In his statement to the court, Ewurs highlighted many of those same factors, acknowledged "what happened was wrong," and apologized for his

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37–38 (1970) (permitting a criminal defendant to enter a guilty plea without admitting guilt by acknowledging strong evidence of guilt and voluntarily, knowingly, and understandingly agreeing to allow the court to consider such strong evidence of guilt in accepting the plea).

actions. He also told the court that, after the deaths of his father and stepfather, his mother was "the only person I really have, and I'm basically the same for her."

After listening to these recommendations, and to statements from the victims of Ewurs's crimes, the district court sentenced Ewurs to a mix of concurrent and consecutive terms of imprisonment not to exceed nine years. The court reasoned:

> To determine what the appropriate sentence should be in this matter, the Court is considering Mr. Ewurs's age at the time of . . . the offenses, his current age, his prior criminal record, which is small by relation to some that the Court does see, his employment circumstances, his family circumstances, the nature of the offense . . . as an adult male committing sexually-related offenses against minor children, and also the steps that Mr. Ewurs has taken since the offense, including his ability to be on pretrial release pending sentencing.
>
> The Court must also consider the recommendations contained in the presentence investigation in this matter. That presentence investigative writer recommends prison. I have considered what sentence to impose in this matter in light of the protection of the community from further offenses by you, Mr. Ewurs, especially sexually violent offenses as these—as at least Count II [lascivious acts with a child] is in this matter, to deter you and others from committing similar offenses in the future, and what sentence will provide you with the maximum opportunity for rehabilitation, including your need to complete the Sex Offender Treatment Program.
>     . . . .
> The Court has considered the request for probation. And in light of the offenses that were committed, and in light of—that there's more than one victim, more than one offense committed, and the recommendation of the presentence investigation, the Court is going to deny probation.
>
> As to whether these sentences should run concurrent or consecutive, some of the same points apply in this matter. There w[ere] two children that were young in age. Mr. Ewurs was twenty-five years old, certainly old enough to know better, certainly old enough to know that he should not prey on young children.

Ewurs appeals,[2] claiming the court "abused its discretion when sentencing [him] to a term of incarceration to not exceed nine years instead of suspending the sentence and placing him on probation." He argues the "district court gave disproportionate weight to the nature of the offense and used primarily boilerplate language when discussing the reasons for imposing a term of incarceration." We disagree.

Because there is no dispute that Ewurs's sentence is within the statutory limits, we review the court's decision for an abuse of discretion. *See State v. Martin*, 2 N.W.3d 271, 275 (Iowa 2024). This discretion "is necessarily broad," *State v. Hightower*, 8 N.W.3d 527, 543 (Iowa 2024), because sentencing "is a delicate, difficult task." *State v. Duffield*, ___ N.W.3d ___, ___, 2025 WL 223425, at *2 (Iowa 2025). "The duty of a sentencing judge in every case is to carefully consider the facts and circumstances in that particular case and thoughtfully craft a sentence that best accomplishes justice for the public at large, the victim or victims of the crime, and the individual defendant." *Id.* at ___, 2025 WL 223425, at *1. The court met that duty here. Although the court used "typical sentencing language," which Ewurs characterizes as boilerplate, that "does not trigger an abuse of discretion so long as the decision is individualized"—and it was. *State v. Merrival*, No. 23-1869, 2024 WL 3518293, at *2 (Iowa Ct. App. July 24, 2024).

We also reject Ewurs's complaint that the court should have given more weight to "positive aspects of [his] character," including Ewurs's "family support,

---

[2] Ewurs has good cause to appeal under Iowa Code section 814.6 (2022) after his *Alford* guilty plea because he is challenging his non-mandatory, contested sentence rather than the plea itself. *See State v. Rasmussen*, 7 N.W.3d 357, 362 (Iowa 2024).

his minimal criminal history, compliance with pretrial release, and eligibility to complete" sex offender treatment in the community. "[T]he district court's authority to weigh the competing factors to reach a sentencing decision is the essence of the discretion given to a sentencing judge." *State v. Phillips*, 996 N.W.2d 419, 422 (Iowa Ct. App. 2023). Thus, the "'test for whether a sentencing court abused its discretion is not whether we might have weighed the various factors differently,' but whether the sentence was based on unreasonable or untenable grounds." *Rasmussen*, 7 N.W.3d at 364–65 (citation omitted). Nothing in the record suggests that Ewurs's sentence was based on unreasonable or untenable grounds.

"Distilled down, [Ewurs] is simply asking that we substitute the decision of the district court with our own, which we cannot do." *State v. Hayes*, No. 23-2050, 2024 WL 3887441, at *1 (Iowa Ct. App. Aug. 21, 2024) (citing *State v. McCalley*, 972 N.W.2d 672, 677 (Iowa 2022)). We accordingly affirm his sentence.

**AFFIRMED.**